### TOM RANDOLPH v. STATE.

No. 26,811. March 3, 1954.

*J. B. Sallas,* Crockett, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of whisky and wine for the purpose of sale in a dry area; the punishment, a fine of $150.

Except as hereinafter mentioned, the record is in the same condition as the records in Garland Ellis v. State, No. 26,810, (Page 469, this volume), and Brown Frizzell v. State, No. 26,812, this day decided.

Bill of Exception No. 1 herein is to the same effect as the bill of exception in the cases above referred to and relates to the overruling of appellant's motion for continuance based upon the illness of his attorney.

But unlike the other cases, there are other bills of exception in this record which complain of errors in the trial as showing injury to appellant because he was not represented by counsel.

Bill of Exception No. 2 certifies that the motion for continuance was overruled and appellant was forced to trial without counsel; that on the trial the state was permitted to prove that appellant had been twice previously convicted of transporting intoxicating liquor in a dry area; that he had been convicted of possessing whisky in a dry area for the purpose of sale, and also that he had been charged with transporting whisky in a dry area in a case which had been dismissed.

Appellant offered no objection to this testimony, though it was prejudicial and inadmissible.

Had the continuance been granted and appellant been represented by the counsel he had retained, we entertain no doubt that if such prejudicial testimony had been offered an objection would have been made.

The trial judge having exercised his discretion in overruling appellant's motion for continuance because of the illness of his counsel, and having failed to protect his rights on the trial by admitting such evidence of extraneous offenses, we conclude that a reversal of the conviction is called for.

The judgment is reversed and the cause remanded.