Opinion approved by the Court.

**J. Grady THOMAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 28578.**

Court of Criminal Appeals of Texas.

Nov. 14, 1956.

Byron Chappell, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is the unlawful transportation of wine in a dry area, with a prior conviction of an offense of like character plead for enhancement; the punishment, six months in jail.

Officers Cox and McNeese testified that they observed the appellant's automobile being driven with only one headlight on the streets of Littlefield on the night in question and brought the same to a halt, that they smelled intoxicants on the appellant's breath, that they arrested appellant's passenger for drunkenness in a public place, that they searched the appellant's automobile and found therein two full pints of wine and one "broken" pint.

On cross-examination, Officer McNeese stated that one Frank Reed had come to the jail later that night and had claimed the

wine as his own but stated at the time of the arrest the appellant admitted that the wine was his.

The prior conviction was established.

The appellant called Frank Reed, who testified that he had borrowed the appellant's automobile on the night in question and had purchased the wine in question and had later informed the officers of such fact.

The appellant, testifying in his own behalf, stated that he did not know the wine was in the automobile on the day in question.

One Cooley also testified that Reed had told him and the officers that the wine belonged to him.

The jury resolved this dispute in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

Appellant was not represented in the trial court but now asks that we hold reversible error to have been committed by the asking of certain questions, even though no objections were made. Reliance is had upon Randolph v. State, 159 Tex.Cr.R. 479, 265 S.W.2d 114.

In the Randolph case, the trial court overruled a motion for continuance based upon the illness of the appellant's counsel. This Court held that when he exercised his discretion in this matter adversely to the appellant it became his duty to then see that no inadmissible proof of extraneous offenses was admitted in the absence of such counsel. Such is not the case before us here. In this case, the appellant informed the court that he was no longer represented by counsel and wished to plead his own case.

It is only in unusual circumstances such as existed in the Randolph case that we can hold that evidence to which no objection is made constitutes reversible error.

Any other holding would encourage the accused to go to trial without counsel and, if unsuccessful in the trial, to then employ counsel on appeal.

Finding no reversible error, the judgment of the trial court is affirmed.